UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DESMOND GIRARD WALTERS,

      Plaintiff,                          CIVIL ACTION NO. 09-13294

      v.                                   DISTRICT JUDGE BERNARD A. FRIEDMAN

BOARD OF COUNSELING, i.e.,         MAGISTRATE JUDGE MARK A. RANDON
Board of Social Work, BUREAU
OF HEALTH PROFESSIONS, a/k/a
Department of Consumer & Industry
Services, Unemployment Insurance
Agency, Department of Community
Health, and ROBERT JENKINS,
Assistant Attorney General,

      Defendants.
_____/

## REPORT AND RECOMMENDATION

    Plaintiff, Desmond Walters ("Walters") has sued several Michigan agencies and an Assistant Michigan Attorney General ("Defendants") in federal court challenging a Michigan court's final denial of his application for social work and counseling licenses. Presently before the Court is Defendants' Motion to Dismiss (Dkt. No. 6) and Walters' Motion for Default Judgment (Dkt. No. 8). Since the undersigned finds that Defendants are immune from suit under the Eleventh Amendment and that Walters' motion for default judgment is without merit, it is recommended that Defendants' motion to dismiss be GRANTED and Walters' motion be DENIED.

I.  BACKGROUND

A.     **Procedural History**

On August 20, 2009, Walters filed a *pro se* complaint against defendants Michigan Board of Counseling ("Board of Counseling"), Michigan Board of Social Work ("Board of Social Work"), Michigan Bureau of Health Professions ("Bureau of Health Professions"), Michigan Department of Community Health ("Department of Community Health"), and Robert Jenkins (collectively referred to as "Defendants"). (Dkt. No.1)  Walters alleged discrimination pursuant to the Americans with Disabilities Act of 1990 ("ADA"); violations of the United States Constitution and federal civil rights; an abuse of discretion by state agencies, violations of Michigan statutes, and a challenge to the constitutionality of certain Michigan statutes.  The case was referred to the undersigned to conduct all pretrial proceedings pursuant to 28 U.S.C.§ 636 (b)(1)(A).[1]  On September 14, 2009, Defendants filed the instant motion to dismiss. (Dkt. No. 6)  Walters then filed "consolidated motions" seeking a default judgment for insufficient service of process and/or insufficient process, which included a single paragraph in response to Defendants' motion to dismiss. (Dkt. No. 8)  Defendants filed a response to Walters' consolidated motions (Dkt. No. 9), and the undersigned held oral argument on October 13, 2009.

---

[1]The undersigned submits this Report and Recommendation pursuant to 28 U.S.C.§ 636 (b)(1)(B)

**B.      Statement of Facts**[2]

On June 23, 2006, Walters applied for licensure as a social worker in the State of Michigan. (Dkt. No. 8, p. 4)[3] On August 21, 2006, he applied for licensure as a professional counselor. On January 5, 2007, the Board of Counseling and the Board of Social Work filed a Notice of Intent to deny Walters' application for both licenses. (Dkt. No. 1, p. 19, ¶ 39) After conducting a hearing, an Administrative Law Judge ("ALJ") later issued a Proposal for Decision, recommending that Walters' applications for licensure be denied. (Dkt. No. 1, p. 7, ¶ 10) The Boards of Counseling and Social Work separately accepted the ALJ's findings of facts and conclusions of law and denied Walters' application for licensure as a counselor and social worker, respectively. (Dkt. No. 1, p. 7, ¶ 11)

Walters filed an appeal of the final orders of those Boards in the Genesee County Circuit Court, Case No. 07-87315-CZ. (Dkt. No.1, p. 2)  On May 16, 2008, the Circuit Court concluded that the Boards' acceptance of the findings of the ALJ was not arbitrary and was based on competent and substantial evidence. The Court further concluded that Walters failed to meet his burden of proving by a preponderance of the evidence that the requirements for the licenses

---

[2] The statement of facts is taken almost exclusively from Defendants' brief in support of their motion to dismiss. Plaintiff's complaint is twenty one (21) pages in length and is not in chronological order, or otherwise organized.  It further references numerous exhibits that were not attached to the pleading. (During oral argument on these motions, Defendants' counsel also stated that they had not received any referenced exhibits.)  However, whenever possible, citations to Plaintiff's pleadings are included.

[3] Plaintiff also unsuccessfully applied for various Michigan social work licenses in 1996, 1998, 1999, and 2000. (Dkt. No. 8, p. 4)

sought by Plaintiff had been satisfied. Walters did not appeal the decision of the Circuit Court to the Michigan Court of Appeals. (Hr. Tr.)[4]

On May 6, 2009, Walters filed a second action in the Genesee Circuit Court, Case No. 09-91234 CZ , alleging that the Boards' actions were ultra vires and violated the Americans with Disabilities Act of 1990. (Dkt. No. 1, p. 2) He also sought a reversal of the Final Order issued by the Circuit Court in Case No. 07-87315-CZ and money damages against the State of Michigan. *Id*. Robert Jenkins represented the Board of Social Work, Bureau of Health Professions, and the Department of Community Health in that matter. Jenkins filed a motion for summary judgment on their behalf, which was granted on August 10, 2009. Again, Walters did not seek state appellate court review. Instead, he filed this action in the United States District Court for the Eastern District of Michigan.

In this case, the Michigan Attorney General is representing the Board of Social Work, the Board of Counseling, the Bureau of Health Professionals, the Department of Community Health and Assistant Attorney General Robert Jenkins. It is not representing the Unemployment Insurance Agency or the Department of Consumer Industry & Services, as those departments are now defunct. (Dkt. No. 6, p. 2)

**C.     Plaintiff's Alleged Federal Claims**

Plaintiff alleges several reasons why his claim should proceed in federal court: (1) the ALJ improperly considered his three misdemeanor convictions, and/or a 2004 felony drug

---

[4] "(Hr. Tr.)" refers to the transcript of the October 13, 2009 hearing on Defendants' motion to dismiss.

conviction (for which he was placed in a diversion program and later obtained a dismissal by *nolle prosequi*) in violation of the Fifth, Eighth and Fourteenth Amendments of the United States Constitution (Dkt. No. 1, pp. 3-4, 5); (2) the 2004 felony drug conviction remains on his record even though the state agencies should have known it was dismissed in violation of the Fourth, Fifth, Eighth and Fourteenth Amendments (Dkt. No. 1, p. 9); (3) the ALJ's decision was not based on "competent, material and substantial evidence" (Dkt. No. 1, p. 7); (4) Plaintiff was not allowed to cross-examine certain state witnesses at the hearing before the ALJ and was given improper notice of the state agencies' intent to deny him a license in violation of the Sixth Amendment (Dkt. No. 1, p. 9);(5) the state agencies violated the First Amendment by "punishing" him for expressing his views about his convictions in a letter (Dkt. No. 1, p. 11); (6) the state agencies violated the ADA because he is disabled, as a recovering drug addict (Dkt. No. 1, p. 19 and Hr. Tr.); and (7) the state agencies violated the Michigan Elliott-Larsen Civil Rights Act by discriminating against him regarding his misdemeanor arrests and convictions. *Id.*

**D.    Defendants' Alleged Grounds for Dismissal and Plaintiff's Response**

Defendants have moved for a dismissal of this action pursuant to Fed. R. Civ. P. 12(b)(1) and (6). Defendants' central contention is that Walters' claims against agencies of the State of Michigan and one of its officers, seeking reversal of a state court's determination, are barred by the Eleventh Amendment and the *Rooker-Feldman* doctrine.[5] In response, Plaintiff argues that "[s]tate agency immunity is not a defense to a claim brought under the Elliot-Larsen Civil Rights

---

[5]Defendants' also seek dismissal on the grounds of *res judicata* and *collateral estoppel*, which need not be addressed herein.

Act because that Act specifically includes as employers covered by the act to be state subdivisions and their agents. [And,] [a]dditionally, State Agencies may be directly liable for its tortious conduct or vicariously liable in appropriate circumstances for the torts committed by its officers, employees and agents." (Dkt. No. 8, p. 4)

## II.  ANALYSIS

**A.     Legal Standard**

    **1.       12(b)(1)**

Rule 12(b)(1) motions to dismiss for lack of subject-matter jurisdiction generally come in two varieties: a facial attack or a factual attack." *Gentek Bldg. Prods. v. Sherwin-Williams Claims*, 491 F.3d 320, 330 (6th Cir.2007) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir.1990)). "A facial attack on the subject-matter jurisdiction alleged in the complaint questions merely the sufficiency of the pleading." *Id*. And, "[w]hen reviewing a facial attack, a district court takes the allegations in the complaint as true.... If those allegations establish federal claims, jurisdiction exists." *Id*.  However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir.2005).

    **2.       12(b)(6)**

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint.  *Jones v. City of Carlisle,* 3 F.3d 945, 947 (6th Cir. 1993).  Without referring to the statute by name, Walters' claim is cognizable as a 42 U.S.C. § 1983 action, which permits

private parties to bring suit to enforce rights secured by the federal Constitution and certain federal statutes. *Albright, infra*.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); *Street v. Corr. Corp. of Am.,* 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver,* 510 U.S. 266, 271 (1994).

**B.     Walters' Claims Against the Agency Defendants Should be Dismissed**

The Eleventh Amendment provides states immunity from suit by private citizens in federal courts. *Lawson v. Shelby County, Tennessee*, 211 F.3d 331 (6th Cir. 2000). There are only three qualified exceptions to this grant of immunity. First, the grant of immunity may be waived by the state; second, Congress may, in certain constitutionally mandated circumstances, abrogate the states' immunity through statute; and third, "a federal court may enjoin a 'state official' from violating federal law." *Id. at 334-335* (citing *Ex parte Young*, 209 U.S. 123 (1908)).

The State of Michigan has not consented to be sued for civil rights actions in federal court, *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986), and § 1983 does not abrogate Eleventh Amendment immunity.[6] *Quern v. Jordan*, 440 U.S. 332, 341 (1979). Additionally, the language

---

[6] However, some ADA claims may abrogate Eleventh Amendment immunity and so Plaintiff's ADA claim is addressed separately below.

of § 1983 itself does not permit suits against a state or its agencies. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989).

To determine whether an entity is a state department or agency for purposes of the Eleventh Amendment, the Sixth Circuit looks to factors such as: whether the state would ultimately be liable for any money judgment[7], how the state defines the entity, and the degree of control the state maintains over the entity. *Brotherton v. Cleveland*, 173 F.3d 552, 560-61 (6th Cir. 1999).

Clearly, the Department of Community Health is a department of the State of Michigan, and thus, is entitled to Eleventh Amendment immunity. Walters has not disputed Defendants' contention that the former Department of Consumer & Industry Services is now defunct and its duties have been split among a number of Departments - with its health licensing functions subsumed within the Department of Community Health. (Dkt. No. 6, p. 4) The Bureau of Health Professions is an entity under the Department of Community Health. *Id.* The Bureau is authorized to deal with all health occupations; its duties include licensing, investigation, discipline, and oversight of health occupation boards. MCL 333.16141. Therefore, it also has Eleventh Amendment immunity. The Board of Counseling and the Board of Social Work are authorized under Michigan's Public Health Code to regulate their respective areas. MCL

---

[7] Neither party has made arguments in support of or against this factor.

333.18101 (counseling) and MCL 333.18501 (social work). As such, they should also be immune from liability as a state agency.[8]

**C.      Walters' Claims Against Defendant Jenkins should be Dismissed**

With the exception of prospective injunctive relief, § 1983 claims against state officials in their official capacity are also barred by the Eleventh Amendment as claims against the state itself. *Will*, 491 U.S. at 71.  In determining whether a complaint states a claim against a state official for prospective injunctive relief, the reviewing court should conduct "a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997) (O'Connor, J., concurring).

In terms of injunctive relief, Walters' complaint seeks "reversal of a Final Denial and order of the Boards et. al., to issue both licenses immediately." (Dkt. No.1, p. 21).  This relief is clearly not forward-looking in nature.  Moreover, Walters has admitted that he does not have any claim against Assistant Attorney General Jenkins. (Hr. Tr.)

---

[8] Walters does not appear to contest that the Boards should be treated as state agencies, instead arguing that its immunity does not apply under the Elliott-Larsen Civil Rights Act. (Dkt No. 8, pp. 4-5).

B.     **Defendants are Immune from Claims Under ADA Title II**[9]

In *U.S. v. Georgia*, 546 U.S. 151 (2006), the Supreme Court "mandated a [new] procedure for federal courts to follow when confronted with a state's claim of immunity under the Eleventh Amendment in cases involving ADA Title II." *Zibbell v. Michigan Dept. Human Services*, 313 Fed.Appx. 843 (6th Cir., Feb. 23, 2009). The Court held that "insofar as Title II creates a private cause of action for damages against the States for conduct that *actually* violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity." (Emphasis in original) *Georgia,* 546 U.S. at 157. In other words, if a plaintiff's ADA Title II allegations also independently violate the Fourteenth Amendment, the offending state, or state official, is not immune from ADA liability.

Under *Georgia*, lower courts must utilize the following three-step analysis, on a claim-by-claim basis, in determining whether or not immunity applies: (1) which aspects of the State's alleged conduct violated Title II of the ADA; (2) to what extent such misconduct also violated the Fourteenth Amendment; and (3) in so far as such misconduct violated Title II but did not violate the Fourteenth Amendment, whether Congress' purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid. *Georgia*, 546 U.S. at 159. Lower courts have also been directed to consider the second and third steps of the analysis only if a plaintiff has a viable claim under step one. *Zibbell,* 313 Fed.Appx. at *847-48. Thus, the undersigned's analysis will

---

[9] Defendants' brief refers to ADA Title I (employment) cases. However, ADA Title II (services and programs provided by public entities) may also be applicable and is treated differently on the issue of Eleventh Amendment immunity.

begin with a determination of whether Walters has stated a viable claim under Title II of the ADA.

C.     **Plaintiff's Complaint Does Not State a Viable Title II ADA Claim**

To state a claim under Title II of the ADA, a plaintiff must show: (1) he is a "qualified individual with a disability"; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. *See* 42 U.S.C. § 12132; *Kaltenberger v. Ohio College of Podiatric Medicine*, 163 F.3d 432, 435 (6th Cir. 1998).

Under the ADA, a "disability" is a "physical or mental impairment that substantially limits one or more of the major life activities of such individual." 42 U.S.C. § 12102. Walters alleged, that his disability was that he is a recovering drug and alcohol abuser. (Hr. Tr.) Under the ADA this may be considered a disability if Walters: (1) has successfully completed a supervised drug rehabilitation program and is no longer engaging in the illegal use of drugs, or has otherwise been rehabilitated successfully and is no longer engaging in such use; (2) is participating in a supervised rehabilitation program and is no longer engaging in such use; or (3) is erroneously regarded as engaging in such use, but is not engaging in such use. 42 U.S.C. § 12210.

Of these categories, only the third could apply, because Walters' complaint lacks the allegation that he has *completed* or is currently participating in a supervised rehabilitation program or has been otherwise successfully rehabilitated. Reviewing the complaint in a light most favorable to Plaintiff, he *at best* alleges that he was erroneously regarded as engaging in the use of

illegal drugs, but is not engaging in such use. (Dkt. No. 1, p. 4, 12).  However, the crux of Walters' complaint is that the licenses were denied due to an improper consideration of criminal convictions that *he does not deny*. (Dkt. No. 1, pp. 3-9, 11-12 and 18)  Thus, Walters cannot demonstrate that the reason for the denials was because the state agencies erroneously believed he was currently using illegal drugs.  Once it has been determined that an ADA violation has not been alleged, this Court's inquiry must stop and not proceed to the next step.  *Zibbell*, 313 Fed.Appx. at 848.  The Defendants are immune from ADA liability under *Georgia*, *supra*.

>    **D.    Granting Plaintiff Leave to Amend Would be Futile Because this Court also Lacks Jurisdiction under the *Rooker-Feldman* Doctrine**

The *Rooker-Feldman* doctrine precludes a federal district court from exercising appellate jurisdiction over state-court judgments.  *Tropf v. Fidelity National Title Ins Co*, 289 F.3d 929, 936 (6th Cir, 2002); *Rooker v. Fidelity Trust Co,* 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 US 462 (1983).  The *Rooker-Feldman* doctrine bars two categories of claims: (1) those that allege some injury arising directly from state court judgments, and (2) those that allege an injury predating the state-court's judgments but which are still "inextricably intertwined" with state-court judgments. *Howard v. Whitbeck*, 382 F.3d 633 (6th Cir. 2004).  To determine whether a claim is in the first category, federal courts look to the nature of the relief demanded and the particular injury alleged. *Howard*, 382 F.3d at 639.  As to the second category, the federal courts should ask whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment.  *Howard*, 382 F.3d at 639, citing *Hutcherson v. Lauderdale County*, 326 F.3d 747, 755 (6th Cir. 2003).

In *Exxon Mobil Corporation v. Saudi Basic Industries Corporation*, the United States Supreme Court concluded that the lower federal courts have at times interpreted the *Rooker-Feldman* doctrine to extend far beyond the contours of the *Rooker* and *Feldma*n cases. *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 283 (2005). *Exxon*'s holding confines the application of the doctrine to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id*.

The instant case is just such a case. Walters has lost twice in state court, each time arguing unsuccessfully for the reversal of the denial of his application for social work and counseling licenses. He complains of injuries resulting from these state court losses and, instead of state appellate court review, seeks federal court relief "in the form of a reversal of a Final Denial and order the Boards et.al., to issue both licenses immediately." (Dkt. No. 1, p 21.) However, such relief cannot be granted without reviewing the previous state court decision (upholding the decision of the Board to deny the licenses) and holding that the state court wrongly dismissed his claims. Walters' claims are therefore barred by the *Rooker-Feldman* doctrine and permitting him to amend his complaint to somehow defeat the state immunity under title II of the ADA would be futile.

    **E.**    **Walters' Elliott-Larsen Claim is Without Merit**

Walters contends that his Elliott-Larsen Civil Rights Act claim was based on an improper use of his misdemeanor arrest and conviction record. (Hr. Tr.) Besides the fact that Elliot-Larsen

is a Michigan statute that does not confer federal jurisdiction, it only prohibits the use of misdemeanor *arrests*, not convictions. M.C.L. 37.2205(a).

    **F.**    **Walters' Request for a Default Judgment is Without Merit**

Walters acknowledges receipt of Defendants' motion to dismiss and, in fact, replied to the motion. (Dkt. No. 8) Defendants' motion was an appropriate responsive pleading to Walters' complaint, and he has not argued that Defendants' motion was untimely. Fed. R. Civ. P 12. Therefore, for this reason, and those cited in Defendants' Reply Brief (Dkt. No. 9), entry of a default judgment would be inappropriate and is not recommended.

### III. RECOMMENDATION

For all of the above-stated reasons, it is RECOMMENDED that Defendants' motion to dismiss (Dkt. No. 6) be GRANTED and Walters' motion (Dkt. NO. 8) be DENIED.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

S/Mark A. Randon<br>
Mark A. Randon<br>
United States Magistrate Judge

Dated:  October 19, 2009

### Certificate of Service

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, October 19, 2009, by electronic and/or ordinary mail.

s/Melody R. Miles<br>
Case Manager to Magistrate Judge Mark A. Randon