UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DESMOND GIRARD WALTERS,

       Plaintiff,                                    Civil Action No.
                                                        09-CV-13294

vs.

                                                        HON. BERNARD A. FRIEDMAN

BOARD OF COUNSELING, et al.,

       Defendants.
_____/


**OPINION AND ORDER ACCEPTING AND ADOPTING**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**


       This matter is presently before the court on defendants' motion to dismiss the complaint [docket entry 6]. Magistrate Judge Mark A. Randon has submitted a Report and Recommendation ("R&R") in which he recommends that the motion be granted. Plaintiff has filed objections to the R&R, and defendants have responded to the objections. The court reviews an R&R to the extent timely and proper objection have been filed. *See* Fed. R. Civ. P. 72(b)(3).

       Distilled to its essence, the 21-page *pro se* complaint in this matter alleges that defendants (two state licensing boards and the state departments under which they operate) and a Michigan assistant attorney general, Robert Jenkins, violated plaintiff's rights under the Americans with Disabilities Act ("ADA"), the Fourth, Fifth, Eighth and Fourteenth Amendments, and various Michigan statutes by denying his applications for licensure as a professional counselor and social worker. Plaintiff alleges defendants have denied his repeated applications for these licenses on the grounds that he has a criminal record consisting of three old misdemeanor convictions and a more recent felony conviction that was subsequently "nolle prosqued," all of which in plaintiff's view

should not have been considered. Plaintiff indicates that regarding the administrative denial of his most recent application he sought review in Genesee County Circuit Court. In a nine-page opinion dated May 16, 2008 (two pages of which are attached to plaintiff's objections as Exhibit XVIII), Judge Neithercut denied plaintiff's appeal, finding that defendants' decision was "based upon competent and substantial evidence" and, further, that plaintiff "failed to meet his burden of proving, by a preponderance of the evidence, that the pertinent requirements for the license or registration have been satisfied." Plaintiff indicates that a second lawsuit he filed against defendants in the same court ended in summary judgment being granted for defendants. For relief in the present case, plaintiff seeks "a reversal of a Final Denial and order the Boards et. al., to issue both licenses immediately" and award "substantial Money Damages." Compl. at 21.

In their motion to dismiss, defendants argue that the complaint is barred by the Eleventh Amendment, the Rooker-Feldman doctrine, res judicata and collateral estoppel. They also argue that the complaint fails to state a claim under the ADA. Plaintiff did not respond substantively to defendants' motion, but he does address some of defendants' arguments in his objections to the magistrate judge's R&R.

Defendants first argue that the complaint is barred by the Rooker-Feldman doctrine. As the United States Court of Appeals for the Sixth Circuit has explained:

> In *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), the Supreme Court held that federal court review of state court proceedings is jurisdictionally limited to the Supreme Court of the United States by 28 U.S.C. § 1257. *See also Patmon v. Michigan Sup. Ct.*, 224 F.3d 504, 506 (6th Cir.2000). We refer to this doctrine as the *Rooker-Feldman* doctrine. *See also Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). The *Feldman* Court stated that "United States District Courts . . . do not have jurisdiction . . . over challenges to state court decisions in particular cases arising

> out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may only be had in this Court." *Feldman*, 460 U.S. at 486, 103 S.Ct. 1303; *see also Anderson v. Charter Township of Ypsilanti*, 266 F.3d 487, 492 (6th Cir.2001). In a more recent decision, the Supreme Court restated the doctrine as follows: "under [the doctrine] a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06, 114 S.Ct. 2647, 129 L.Ed.2d 775 (1994).

*Tropf v. Fidelity Nat. Title Ins. Co.*, 289 F.3d 929, 936-37 (6th Cir. 2002) (footnote omitted).

The present case fits squarely within this doctrine. As noted above, plaintiff is asking this court to review and overturn two decisions of the Genesee County Circuit Court. It does not matter that plaintiff now seeks to add additional claims (e.g., his ADA claim) which he did not raise in the state court actions because the relief he seeks in this court could not be granted without invalidating the state court's judgments. This is precisely what is prohibited by Rooker-Feldman. If plaintiff was aggrieved by the state court's decisions, his remedy was to seek relief in that court by way of a motion for relief from judgment or order pursuant to MCR 2.612 and/or by appealing the decisions to the Michigan Court of Appeals. While the court agrees with the magistrate judge's analysis of defendants' other arguments, they need not be addressed because the complaint is barred by the Rooker-Feldman doctrine.[1] Accordingly,

IT IS ORDERED that Magistrate Judge Randon's Report and Recommendation is

---

[1] The court shall dismiss the complaint against defendant Jenkins for the additional reason that the complaint makes no mention of Jenkins other than to list him in the caption. Moreover, plaintiff conceded at the oral argument on defendants' motion before the magistrate judge that he "does not have any claim against Assistant Attorney General Jenkins." R&R at 9.

3

accepted and adopted as the findings and conclusions of the court.

IT IS FURTHER ORDERED that defendants' motion to dismiss the complaint [docket entry 6] is granted.

IT IS FURTHER ORDERED that plaintiff's "consolidated motions" [docket entry 8] are denied.

_s/Bernard A. Friedman_____
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated:  November 16, 2009
        Detroit, Michigan